Argued and submitted May 16, reversed and
remanded for reconsideration July 25, 1984

LAWS,
*Petitioner,*

*v.*

ADULT & FAMILY SERVICES DIVISION,
*Respondent.*

(5-3501-SZS268-0; CA A28251)

684 P2d 1252

Amy Veranth, Portland, argued the cause and filed the
briefs for petitioner.

William F. Nessly, Jr., Assistant Attorney General, Salem,
argued the cause for respondents. With him on the briefs were
Dave Frohnmayer, Attorney General, and James E. Moun-
tain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and
Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner appeals from a reconsideration order of an Adult & Family Services Division (AFSD) hearings officer terminating his eligibility for general assistance (GA) benefits. Because the order does not properly explain the connection between the findings of fact and the conclusion that petitioner is ineligible, we remand for reconsideration.

Petitioner, a 25-year-old male, has received GA benefits continuously since September, 1981. His eligibility is based on mental or emotional conditions, that have rendered him unemployable. These conditions have some relation to a drug abuse problem. On November 1, 1982, the state medical review team denied him continued eligibility. Petitioner requested a hearing, which was held January 25, 1983. In March, the hearing officer issued his initial order, concluding that petitioner was not unemployable. Pursuant to ORS 183.482(6), that order was withdrawn and reconsidered. The reconsideration order, issued the following November, also revoked petitioner's eligibility.

The reconsideration order provided, in pertinent part:

*"FINDINGS OF FACT:*

"* * * * *

"IV

"Mr. Laws has a history of poly drug abuse and a history of depression with suicidal ideation.

"V

"Mr. Laws is oriented to time, place, and person. He has average intelligence. There is no evidence of memory impairment. Recent and remote memory is intact. His concentration is fair. His insight and judgment is fair. His response to proverbs is moderately concrete. He has some mild agitations and some paranoid ideations. There is no evidence of active psychosis.

"VI

"Mr. Laws was referred to Drug Treatment Services (CODA). No report was received to verify Mr. Laws' cooperation with that program. There is no documentation that Mr. Laws' use of drugs has caused organic damage.

*"CONCLUSIONS AND REASONS:*

"* * * * *

"Mr. Laws is claiming a disability based on emotional problems which may or may not be drug related. Medical reports submitted speak to poly drug abuse for a period of years. Mr. Laws testified to attending CODA, a drug treatment program. There were no written reports from CODA to show his attendance and cooperation with the program. His smoking marijuana and the taking of Vicodan is in violation of a drug treatment program.

"* * * * *

"It is concluded that according to the findings Mr. Laws is oriented to time, place, and person, that he has average intelligence and no evidence of memory impairment. In addition, he has insight and judgment which is fair and there is no evidence of active psychosis. Mr. Laws does not meet the unemployable criteria as given in Rule 461-05-311."

As the order notes, "unemployable" is defined by OAR 461-05-311, which provides, in pertinent part:

"(1) An A/R [applicant/recipient] is unemployable when a physical or mental condition, diagnosed by a licensed medical professional (see rule 461-05-240), prevents the person from engaging in any type of gainful employment. The condition must be expected to last for a period of 60 days or more from the date of request."

Inasmuch as petitioner has a diagnosed drug abuse problem, he is also subject to OAR 461-05-315(1) and (2):

"(1) GA A/Rs with a diagnosed alcohol or drug abuse problem must participate in a treatment program prescribed by a licensed medical professional as specified in rule 461-05-240.

"(2) A/Rs who refuse to participate in a treatment program are not eligible for GA."

■ From a reading of these provisions, it is apparent that two questions are relevant to the determination of petitioner's eligibility for GA benefits: (1) Is he unemployable and (2) has he participated in a drug treatment program? The order is this case expressly concludes that petitioner is not unemployable and implies that he has refused to participate in his drug treatment program. However, the order does not

explain how either of those conclusions was reached. On the issue of employability, there is no explanation of the connection between petitioner's condition and his ability to work. The order simply recites a wide variety of medical and psychiatric observations about petitioner from which no particular conclusion may be drawn. There is no discussion of petitioner's fitness for employment in general or for a specific job in particular. On the drug treatment issue, the conclusion that petitioner continues to use marijuana and other drugs in violation of his treatment program merely tends to confirm the propriety of his placement in that program in the first place. The order does not establish that he has refused to participate in treatment. He says that he has participated.

■     An agency must demonstrate in its order a rational relationship between the facts and the legal conclusions on which it acts in each case. *McCann v. OLCC,* 27 Or App 487, 493, 556 P2d 973 (1976), *rev den* (1977). In this case, the order is inadequate, because findings on critical questions are missing and because it does not explain the connection between the findings of fact that are made and the conclusion that petitioner is not unemployable. Without such an explanation, we are unable to review the order properly.

Reversed and remanded for reconsideration.